United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| YVETTE VILLEREAL MANCILLAS, | ) | Case No. 5:13-cv-02522-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| v. | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT, DENYING** |
| CAROLYN COLVIN, Acting Commissioner, | ) | **DEFENDANT'S MOTION FOR** |
| Social Security Administration, | ) | **SUMMARY JUDGMENT AND** |
| | ) | **REMANDING FOR FURTHER** |
| Defendant. | ) | **ADMINISTRATIVE PROCEEDINGS** |
| | ) | |
| | ) | **(Re: Docket Nos. 19, 21)** |

Plaintiff Yvette Villereal Mancillas appeals the decision by Defendant Carolyn Colvin, Acting Commissioner of Social Security, denying her supplemental security income disability benefits.[1]  Mancillas moves for summary judgment.  The Commissioner opposes the motion and cross-moves for summary judgment.  The matter was submitted without oral argument pursuant to Civ. L.R. 16-5.  Having reviewed the papers, the court DENIES Mancillas' motion for summary

_____

[1] The challenged decision was rendered by Administrative Law Judge Brenton L. Rogozen on May 9, 2012.  The ALJ's decision became final on April 4, 2013, when the Appeals Council of the Social Security Administration denied Mancillas' request for administrative review of the decision.

1

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS for further administrative proceedings.

## I.   BACKGROUND

The following facts are taken from the decision by the ALJ and the accompanying administrative record.  Mancillas was born July 23, 1967.[2]  She has completed the eleventh grade and does not have a GED.[3]  She has minimal work history; she has worked for brief periods during two of the past 15 years and has not worked at all since 2001.[4]  Mancillas alleges that she has been disabled since April 1, 1998[5] by back, hip and leg pain resulting from spina bifida occulta and scoliosis and by emotional problems resulting from depression and bipolar II disorder.[6]  Mancillas applied for disability benefits on September 8, 2010.[7]  Her application was denied upon initial review and upon reconsideration.[8]  She then requested a hearing before an ALJ.[9]

**A.     The ALJ Held a Hearing on Mancillas' Present Claim**

The ALJ held a hearing on March 6, 2012.[10]  Mancillas appeared at the hearing with her counsel.[11]  She testified that she suffered from constant and worsening back, hip and leg pain.[12]

---

[2] *See* AR at 44.

[3] *See id.* at 32.

[4] *See id.* at 101-02, 107-8.

[5] *See id.* at 96.

[6] *See id.* at 107, 128.  These emotional problems included feelings of worthlessness and moodiness. *See id.* at 38-39.

[7] *See id.* at 96.

[8] *See id.* at 48, 58.

[9] *See id.* at 65.

[10] *See id.* at 23.

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

United States District Court
For the Northern District of California

The pain limited her ability to walk, stand and sit comfortably, and she required a cane to balance when standing upright.[13]  She further testified that she suffered from emotional problems, including depression and moodiness.[14]

Mancillas submitted her prison medical records from 2000 and 2001.[15]  She explained that she obtained prescription pain medication from the emergency room because she was unaware of her eligibility for health insurance.[16]  Four health assessments were submitted into evidence – one physical Consultative Evaluation completed by Dr. Wood, one psychological CE completed by Dr. Dahl, one physical Residual Functional Capacity assessment completed by Dr. Quint and one psychological RFC assessment completed by Dr. Rabinowitz – but no medical professionals testified.[17]  The ALJ took the case under submission.

**B.      The ALJ Concluded That Mancillas Has The RFC To Perform Sedentary Work and Thus Is Not Disabled**

The ALJ issued his decision on May 9, 2012.[18]  Pursuant to 20 C.F.R. § 416.920(a), the ALJ conducted a five-step, sequential evaluation process for determining whether an individual is disabled.  At step one, the ALJ found that Mancillas had not engaged in substantial gainful activity

---

[11] *See id.*

[12] *See id.* at 33.

[13] *See id.* at 33-34.

[14] *See id.* at 38-39.

[15] *See id.* at 26, 190-203.  The ALJ deemed her prison medical records irrelevant because they were collected in 2000 and 2001, nine years before she applied for supplemental security income benefits.  *See id.* at 26.

[16] *See id.* at 36, 40.

[17] *See id.* at 204, 207, 211, 217.

[18] *See id.* at 19.

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

since her application date, August 30, 2010.[19]  At step two, the ALJ found that Mancillas' spina bifida was a severe impairment but that her "medically determinable impairment of bipolar II disorder" was not.[20]  At step three, the ALJ found that her spina bifida, though severe, did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. § 404app. 1.[21]  At step four, the ALJ found that Mancillas had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a).[22]  Finally, at step five, the ALJ found that based on her age, education, work experience, RFC and the directives of the medical-vocational guidelines (the "grids"), Mancillas was not disabled.[23]  Accordingly, the ALJ concluded that she did not qualify for supplemental security income disability benefits.[24]  Mancillas then appealed the ALJ's decision to the Appeals Council.[25]

**C.     Mancillas Submitted Additional Evidence to The Appeals Council**

On September 19, 2012, Mancillas obtained an additional RFC assessment completed by a therapist, Eduardo Marcus, and co-signed by a psychiatrist, Dr. Fernandez.[26]  In the assessment, Marcus stated that he began treating Mancillas on May 1, 2012.[27]  He diagnosed Mancillas with

---

[19] *See id.* at 14.

[20] *See id.*

[21] *See id.* at 14-15.

[22] *See id.* at 16.

[23] *See id.* at 19.

[24] *See id.*

[25] *See id.* at 8.

[26] *See* Docket No. 19-2 at 5.

[27] *See id.* at 1.

4

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

major depressive disorder and opined that her mental state seriously limited or precluded her ability to perform various work-related tasks.[28]

On November 26, 2012, Mancillas submitted the assessment to the Appeals Council, which was then considering her request for review.[29]  On April 4, 2013, the Appeals Council denied her request for review.  In doing so, the Appeals Council "looked at" the new assessment but declined to consider it, stating that it pertained to a period after the ALJ decided the case.[30]

## II.   LEGAL STANDARDS

**A.**     **Standard for Reviewing The Commissioner's Decision**

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying Mancillas' benefits.  The Commissioner's decision (here, the underlying decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.[31]  In this context, the term "substantial evidence" means "more than a scintilla but less than a preponderance – it is such relevant evidence a reasonable mind might accept as adequate to support the conclusion."[32]  When determining whether substantial evidence exists to support the administrative record as a whole, the court must

---

[28] *See id.* at 3.

[29] *See* AR at 186.

[30] *See* AR at 2 ("We looked at the medical source statement from Z. G. Fernandez, M.D. dated September 19, 2012 (7 pages).  The Administrative Law Judge decided your case through May 9, 2012.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before May 9, 2012.  If you want us to consider whether you were disabled after May 9, 2012, you need to apply again.").

[31] *See Moncada v. Chater,* 6 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992).

[32] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1257.

5

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

consider adverse as well as supporting evidence.[33]  Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ.[34]  "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded."[35]

**B.      Standard for Determining Disability**

Disability claims are evaluated using a five-step, sequential evaluation process.  In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.[36]  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied.[37]  If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments;[38] if so, disability is conclusively presumed and benefits are awarded.[39]  If the claimant's impairment or combination of impairments does not meet or equal an impairment in the

---

[33] *See Drouin,* 966 F.2d at 1257; *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989).

[34] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1258.

[35] *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

[36] *See id.*

[37] *See id.*

[38] *See* 20 C.F.R. § 404app. 1.

[39] *See id.*

6

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity"[40] to perform his or her past work; if so, the claimant is not disabled and the claim is denied.[41]  The claimant has the burden of proving that he or she is unable to perform past relevant work.[42]  If the claimant meets this burden, a prima facie case of disability is established.  The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work;[43] the determination of this issue comprises the fifth and final step in the sequential analysis.

### III.    DISCUSSION

**A.    The Appeals Council Improperly Refused to Consider the Additional Evidence**

Mancillas argues that the Appeals Council improperly refused to consider Marcus' RFC assessment.[44]  The Appeals Council declined to consider the assessment because it was completed more than four months after the ALJ issued his decision on May 9, 2012.[45]  However, although the assessment is dated September 19, 2012, the assessment indicates that it was based on treatment

---

[40] A claimant's RFC is what he or she can still do despite existing exertional and nonexertional limitations. *See Cooper v. Sullivan,* 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[41] *See Drouin,* 966 F.2d at 1257; *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir. 1984).

[42] *See id.*

[43] There are two ways for the Commissioner to meet the burden of showing that there is work in significant numbers in the national economy that claimant can perform: (1) by the testimony of a vocational expert or (2) by reference to the grids.  *See Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).

[44] *See* Docket No.19 at 7; *see also* Docket No. 19-1.

[45] *See* AR at 2.

7

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

rendered beginning on May 1, 2012.[46]  The Commissioner does not contest that the assessment indicates treatment prior to the ALJ's decision.[47]

Pursuant to 20 C.F.R. § 404.970(b), "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."  The Ninth Circuit considered Section 404.970(b) in *Taylor v. Commissioner.*[48]  In that case, Taylor applied for disability insurance benefits.[49]  The ALJ issued his decision finding Taylor not disabled on March 29, 2006.[50]  Taylor submitted two pieces of additional evidence to the Appeals Council: a psychiatric evaluation and a medical source statement.[51]  The psychiatric evaluation was dated September 7, 2006 but was based on treatment rendered in 2001 and 2003.[52]  Similarly, the medical source statement was dated November 15, 2006 but was based on treatment rendered beginning in 1999.[53] The Appeals Council failed to consider the additional evidence, either because it was misplaced or because the Appeals Council erroneously believed that it pertained to a period after the expiration of Taylor's disability insurance coverage in 2004 and after the ALJ's decision in March 2006.[54]

---

[46] *See* Docket No. 19-2 at 1 ("Initial assessment was 05/01/2012.  Then, she has been followed five times more.").

[47] *See* Docket No. 21 at 6.

[48] 659 F.3d 1228, 1233 (9th Cir. 2011).

[49] *See id.* at 1230.

[50] *See id.* at 1231.

[51] *See id.*

[52] *See id.*

[53] *See id.* at 1232.

[54] *See id.* at 1232-33.

8

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS

The court found that the Appeals Council had erred under Section 404.970(b)[55] and held that "where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence."[56]

The *Taylor* court's holding is applicable here.  As in *Taylor*, the additional evidence in this case is dated after the ALJ's decision but was based on treatment rendered prior to the ALJ's decision.  Given the eight-day period between Mancillas' alleged first treatment and the ALJ's decision, the Appeals Council should have considered Marcus' opinion and erred in refusing to do so.

## B.    The Error Was Not Harmless

The Ninth Circuit has recognized that harmless error principles apply in the Social Security Act context.[57]  It has articulated the general principle that "an ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination."[58]  For example, if an ALJ errs in failing to provide "germane" reasons for rejecting lay witness testimony,[59] "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when

[55] *See id.* at 1233 ("Because Dr. Thompson's opinion concerned his assessment of Taylor's mental health since his disability onset date in 1999, it related to the period before Taylor's disability insurance coverage expired in 2004, and before the ALJ's decision in 2006.  Thus, Dr. Thompson's opinion should have been considered.").

[56] *See id.* (citing C.F.R. § 404.970(b)).

[57] *See Molina v. Astrue*, 674 F.3d 1104, 1115 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir., 2006).

[58] *See id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (internal quotations omitted).

[59] *See id.* (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

United States District Court
For the Northern District of California

fully crediting the testimony, could have reached a different disability determination."[60]  Thus, such error is harmless if the testimony at issue describes the same limitations as testimony that the ALJ properly rejected.[61]  But such error is not harmless if the testimony at issue describes different limitations or might otherwise have affected the ultimate nondisability determination.[62]

Here, the impact of the Appeals Council's error is not clear.  Marcus' assessment  described different limitations than the other psychological assessments.  Both the psychological CE and the RFC assessment in the record diagnosed bipolar II disorder and reported no more than moderate impairment in work-related functions,[63] while Marcus' assessment diagnosed major depressive disorder and reported serious limitations and an inability to meet competitive standards in all work-related functions.[64]  In finding Mancillas not disabled, the ALJ concluded that her "medically determinable impairment of bipolar II disorder" was not a severe impairment at step two.[65]  If the Appeals Council had considered Marcus' assessment, it might well have concluded that Mancillas also suffered from a medically determinable impairment of major depressive disorder and furthermore that the impairment was severe at step two.[66]

---

[60] *See Stout*, 454 F.3d at 1056.

[61] *See Molina*, 674 F.3d at 1117.

[62] *See Stout*, 454 F.3d at 1056; *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

[63] *See* AR 209-10, 231.

[64] *See* Docket No. 19-2 at 3.

[65] *See* AR at 14.

[66] Moreover, the Commissioner characterizes Marcus' assessment as that of a treating physician. Although the assessment was completed by Marcus, a therapist, and only co-signed by Fernandez, a psychiatrist, the Commissioner identifies it as Fernandez' assessment and states that "the *doctor* made extreme conclusions" and that "Plaintiff allegedly established care with a brand new *doctor*." *See* Docket No. 21 at 6-7 (emphasis added).  "As a general rule, more weight should be given to

10

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

1

2

3

4

5

6

7

8

9

10

11

United States District Court
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Commissioner asserts that even a finding of severe mental impairment at step two would not have affected the ultimate nondisability determination.[67]  The Commissioner relies exclusively on *Hoopai v. Astrue*[68] to argue that a claimant who is found to suffer from a severe mental impairment at step two may still be found not disabled, since the claimant may be deemed capable of performing unskilled work under the grids.[69]  In *Hoopai*, the Ninth Circuit did indeed hold that a severe mental impairment at step two does not preclude a finding of not disabled through application of the grids at step five.[70]  In *Hoopai*'s words, "satisfaction of the step-two threshold requirement that a claimant prove her limitations are severe is not dispositive of the step-five determination of whether the non-exertional limitations are sufficiently severe such as to invalidate the ALJ's exclusive use of the grids."[71]  However, that holding offers little guidance here.  If the Appeals Council had considered Marcus' assessment, it might have found that Mancillas suffered from major depressive disorder and that the impairment was both "severe" at step two and "sufficiently severe" to invalidate the ALJ's use of the grids at step five.

Because the Appeals Council failed to consider Marcus' assessment, this court can do no more than speculate about how the assessment might or might not have affected the ultimate

the opinion of a treating source than to the opinion of doctors who do not treat the claimant."  *See Lester v. Chater*, 81 F.3d 821, 830 (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).

[67] *See* Docket 21 at 5.

[68] 499 F.3d 1071 (9th Cir. 2007).

[69] *See* Docket 21 at 5.

[70] *See Hoopai*, 499 F.3d at 1076.

[71] *See id.*

11

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

1    nondisability determination.[72]  Because it is not clear that the failure to consider Marcus'

2    assessment was inconsequential to the ultimate nondisability determination, the error was not

3    harmless.[73]

4    **C.      Remand to the ALJ Is Appropriate**

5           Mancillas next argues that because the Appeals Council improperly refused to consider the

6    assessment, the assessment should be included in the AR for consideration by this court.[74]

7    Mancillas' reliance on *Brewes v. Astrue*[75] on this point is misguided.  In that case, the court held

8    that new evidence that has been considered by the Appeals Council is properly included in the AR

9    for consideration by the district court.[76]  *Brewes* does not apply here, since Marcus' assessment

10   was never considered by the Appeals Council at all.  More instructive as to the procedural

11   consequences of the Appeals Council's improper refusal to consider additional evidence is *Taylor*,

12   which directed that "where the Appeals Council was required to consider additional evidence, but

13   failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light

14   of the additional evidence."[77]  Accordingly, this court remands to the ALJ for consideration of

15   Marcus' psychological RFC assessment.

16

17

18   _____

19   [72] *See Stout*, 454 F.3d at 1056 ("This silent disregard thus leaves us…with nothing to review to
20   determine whether the error materially impacted the ALJ's ultimate decision.").

21   [73] *See Molina*, 674 F.3d at 1115.

22   [74] *See* Docket No. 19 at 7.

23   [75] 682 F.3d 1157 (9th Cir. 2012).

24   [76] *See id.* at 1163 ("We hold that when the Appeals Council considers new evidence in deciding
25   whether or not to review a decision of the ALJ, that evidence becomes part of the administrative
     record, which the district court must consider when reviewing.").

26   [77] *See Taylor*, 659 F.3d at 1233 (citing C.F.R. § 404.970(b)).

27                                             12

28   Case No. 5:13-cv-02522-PSG
     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
     DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
     FURTHER ADMINISTRATIVE PROCEEDINGS

*United States District Court*
For the Northern District of California

**IV. CONCLUSION**

Mancillas' motion for summary judgment is DENIED, the Commissioner's cross-motion for summary judgment is DENIED and the case is REMANDED to the ALJ for consideration of Marcus' opinion evidence and for reconsideration of Mancillas' disability claims. The Clerk shall close the file.


**IT IS SO ORDERED.**

Dated: June 26, 2014                    _____
                                        PAUL S. GREWAL
                                        United States Magistrate Judge

United States District Court
For the Northern District of California

13

Case No. 5:13-cv-02522-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS